**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVE SCARDINA, individually and on behalf of a class, | )<br>)<br>) |
| Plaintiff, | ) Case No. 10 C 8009<br>)<br>) |
| v. | )<br>) |
| UNITED RECOVERY SYSTEMS, LP., | )<br>)<br>) |
| Defendant. | ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Dave Scardina ("Plaintiff"), brings this action individually and on behalf of a class defined herein against Defendant United Recovery Systems, LP., ("Defendant").

2. Defendant improperly called Plaintiff's cell phone without prior express consent using an automatic telephone dialing service and/or an artificial or prerecorded voice ("Predictive Dialer") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

      b.      Defendant transacts business in the District via the telephone lines;

      c.      Defendant's phone calls to Plaintiff registered an Illinois area code corresponding to 312 area code exchange;

      d.      Defendant is a licensed collection agency by the Illinois Division of Professional Regulation, License Number 017021209;

      e.      Defendant's activities complained of occurred within the District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Defendant United Recovery Systems, LP ("URS") is a Texas limited partnership, purportedly doing business at 5800 North Course Drive, Houston, Texas 77072. The registered agent for URS in Texas is Douglas B. Schultz, 5800 North Course Drive, Houston, Texas 77072.

## FACTS

7. On information and belief, Defendant uses one or more "Predictive Dialers" as defined by the FCC. *See* Exhibit A.

8. On information and belief, the Predictive Dialer is capable of dialing telephone numbers without human intervention.

9. On information and belief, the Predictive Dialer is capable of delivering an automated prerecorded message.

10. Upon a phone call being answered by a live person, the Predictive Dialer has the capability of transferring that phone call to a live operator.

11. On information and belief the Predictive Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers that have been imputed into a data base; in short the Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over.

12. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-0519. The first six digits of Plaintiff's cellular telephone number are redacted for privacy considerations.

13. On or about October 15, 2010, on information and belief, Defendant obtained Plaintiff's cellular telephone number, XXX-XXX-0519, from Experian. On information and belief, Experian informed Defendant the telephone number XXX-XXX-0519 was a cell phone number.

14. Defendant sent Plaintiff a letter dated October 18, 2010 to his home address in Illinois.

15. On information and belief, Defendant placed phone calls to Plaintiff's cell phone on or about

    a. October 20, 2010 at 1:58 p.m.;

    b. October 22, 2010 at 8:35 a.m.;

    c. October 25, 2010 at 11:34 a.m.;

    d. October 26, 2010 at 8:32 a.m.;

    e. October 30, 2010 at 8:14 a.m.;

   f. October 30, 2010 at 8:40 a.m.;

   g. November 2, 2010 at 12:50 p.m.;

   h. November 2, 2010 at 4:47 p.m.;

   i. November 2, 2010 at 8:26 p.m.;

   j. November 3, 2010 at 8:19 a.m.;

   k. November 3, 2010 at 8:43 a.m.;

   l. November 3, 2010 at 3:34 a.m.;

   m. November 4, 2010 at 8:10 a.m.;

   n. November 4, 2010 at 8:40 a.m.;

   o. November 5, 2010 at 9:40 a.m.; and

   p. November 5, 2010 at 9:47 a.m.

16. On information and belief, each phone call above was placed by the Predictive Dialer, without a human hand manually dialing the telephone number.

17. Plaintiff answered some of the phone calls above. Plaintiff heard a prerecorded message and was later transferred to a live operator.

18. Plaintiff, for at least the first phone call placed by Defendant, did not provide any prior express consent for Defendant to use an automatic telephone dialing service and/or an artificial or prerecorded voice to call his cellular telephone number XXX-XXX-0519.

19. Defendant was attempting to collect a debt from Plaintiff. Defendant assigned its file regarding Plaintiff "URS No: 15229501".

## COUNT I - TCPA VIOLATION

20. Plaintiff incorporates paragraphs 1-19 above.

21. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
>    (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>       (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>    * * *
>          (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

22. Defendant did not have prior express consent to call Plaintiff's cellular telephone number XXX-XXX-0519 using an automatic telephone dialing service and/or an artificial or prerecorded voice, for at a minimum the first call it placed to Plaintiff.

23. At a minimum, Defendant's first phone call to Plaintiff's cellular telephone number using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA was willful, or in the alternative negligent conduct.

**CLASS ALLEGATION**

24. Plaintiff brings this class action seeking damages on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

25. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to

persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

26. The class consists of: (a) all natural persons with an cellular telephone number corresponding to the (312) area code (b) where Defendant placed a telephone call to that person's corresponding cellular telephone number (c) using an automatic telephone dialing service and/or an artificial or prerecorded voice (d) where Defendant's records show that Defendant obtained that cellular telephone number from Experian (e) where Defendant's records do not show prior express consent before a call placed to the cellular telephone number (f) beginning four years prior to the filing this action and ending on the date of filing of this action. Excluded are persons who ported their cell phone number.

27. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

28. The predominant question is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice without prior express consent violates the TCPA, and whether that conduct was willful.

29. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the lack of prior express consent.

30. The class is so numerous that joinder of all the members is impractical.

31. On information and belief, there are 40 persons who are identified by the class definition above.

32. Plaintiff will fairly and adequately represent the members of the class.

33. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

34. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

    c. The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant for:

    (1) Statutory damages of $500 per violation if Defendant is found to negligently violated the TCPA or $1,500 per violation if Defendant is found to have willfully violated the TCPA;

    (2) Costs of litigation; and

    (3) An injunction prohibiting defendant from future violations of the TCPA with respect to plaintiff and the class, along with corresponding declaratory relief.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF LIEN**

Please be advised that the Warner Law Firm, LLC claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Curtis C. Warner