IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class | ) ) ) | |
| Plaintiff, | ) ) ) | 10 C 8009 |
| v. | ) ) ) | Judge Der-Yeghiayan |
| UNITED RECOVERY SYSTEMS, LP, | ) ) | Magistrate Judge Cox |
| Defendant. | ) ) | |

**AMENDED COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Dave Scardina ("Plaintiff"), brings this action individually and on behalf of a class defined herein against Defendant United Recovery Systems, LP., ("Defendant").

2. Defendant improperly called Plaintiff's cell phone without prior express consent using an automatic telephone dialing service and/or an artificial or prerecorded voice ("Predictive Dialer") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

      b.     Defendant transacts business in the District via the telephone lines;

      c.     Defendant's phone calls to Plaintiff registered an Illinois area code corresponding to 312 area code exchange;

      d.     Defendant is a licensed collection agency by the Illinois Division of Professional Regulation, License Number 017021209;

      e.     Defendant's activities complained of occurred within the District.

**PARTIES**

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

6.     Defendant United Recovery Systems, LP ("URS") is a Texas limited partnership, purportedly doing business at 5800 North Course Drive, Houston, Texas 77072. The registered agent for URS in Texas is Douglas B. Schultz, 5800 North Course Drive, Houston, Texas 77072.

**FACTS**

7.     On information and belief, Defendant uses one or more "Predictive Dialers" as defined by the Federal Communication Commission. *See* <u>Exhibit A</u>.

8.     On information and belief, Defendant's Predictive Dialer is capable of dialing telephone numbers without human intervention.

9.     On information and belief, the Predictive Dialer is capable of delivering an automated prerecorded message.

10. Upon a phone call being answered by a live person, the Predictive Dialer has the capability of transferring that phone call to a live operator.

11. On information and belief the Predictive Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers that have been imputed into a data base; in short the Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over.

12. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-0519. The first six digits of Plaintiff's cellular telephone number are redacted for privacy considerations.

13. On or about October 15, 2010, on information and belief, Defendant obtained Plaintiff's cellular telephone number, XXX-XXX-0519, from Experian.

14. On information and belief, Experian informed Defendant the telephone number XXX-XXX-0519 was a cell phone number.

15. Defendant sent Plaintiff a letter dated October 18, 2010 to his home address in Illinois.

16. On information and belief, Defendant placed phone calls to Plaintiff's cell phone on or about

    a. October 20, 2010 at 1:58 p.m.;

    b. October 22, 2010 at 8:35 a.m.;

    c. October 25, 2010 at 11:34 a.m.;

    d. October 26, 2010 at 8:32 a.m.;

    e. October 30, 2010 at 8:14 a.m.;

    f.  October 30, 2010 at 8:40 a.m.;

    g.  November 2, 2010 at 12:50 p.m.;

    h.  November 2, 2010 at 4:47 p.m.;

    i.  November 2, 2010 at 8:26 p.m.;

    j.  November 3, 2010 at 8:19 a.m.;

    k.  November 3, 2010 at 8:43 a.m.;

    l.  November 3, 2010 at 3:34 a.m.;

    m.  November 4, 2010 at 8:10 a.m.;

    n.  November 4, 2010 at 8:40 a.m.;

    o.  November 5, 2010 at 9:40 a.m.; and

    p.  November 5, 2010 at 9:47 a.m.

  17.  On information and belief, each phone call above was placed by a Predictive Dialer, without a human hand manually dialing Plaintiff's telephone number XXX-XXX-0519.

  18.  Plaintiff answered some of the phone calls above.

  19.  For the phone calls that Plaintiff answered above, he heard a prerecorded message.

  20.  For the phone calls above that Plaintiff answered he heard a prerecorded message and was later transferred to a live operator.

  21.  For the phone calls above that Plaintiff answered, Defendant used a prerecorded message in connection with the phone call.

  22.  Plaintiff, for at least the first phone call placed by Defendant, did not provide any prior express consent for Defendant to use an automatic telephone

4

dialing service and/or an artificial or prerecorded voice to call his cellular telephone number XXX-XXX-0519.

23. Plaintiff did not provide the telephone number XXX-XXX-0519 to his original creditor prior to the first phone call to that number placed by Defendant using automatic telephone dialing service and/or an artificial or prerecorded voice.

24. Plaintiff did not provide the telephone number XXX-XXX-0519 to Defendant prior to the first phone call to that number being placed by Defendant using automatic telephone dialing service and/or an artificial or prerecorded voice

25. Defendant was attempting to collect a debt from Plaintiff. Defendant assigned its file regarding Plaintiff "URS No: 15229501".

## COUNT I - TCPA VIOLATION

26. Plaintiff incorporates paragraphs 1-25 above.

27. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
>> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>>> * * *
>>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

28. Defendant did not have prior express consent to call Plaintiff's cellular telephone number XXX-XXX-0519 using an automatic telephone dialing service

5

and/or an artificial or prerecorded voice, for at a minimum the first call it placed to Plaintiff.

29. Defendant's conduct above violated the TCPA.

**CLASS ALLEGATION**

30. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

31. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant.

32. The class consists of: (a) all natural persons with an cellular telephone number corresponding to the (312) area code (b) where Defendant placed a telephone call to that person's corresponding cellular telephone number (c) using an automatic telephone dialing service and/or an artificial or prerecorded voice (d) where Defendant's records show that Defendant obtained that cellular telephone number from Experian (e) where Defendant's records show that one call placed by automatic telephone dialing service and/or an artificial or prerecorded voice was received (f) where Defendant's records do not show prior express consent before a call placed to the person's cellular telephone number (g) from December 17, 2006 to December 17, 2010. Excluded are persons who ported their cell phone number.

6

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

34. The predominant question is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice without prior express consent violates the TCPA, and whether that conduct was willful.

35. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the lack of prior express consent.

36. The class is so numerous that joinder of all the members is impractical.

37. On information and belief, there are 40 persons who are identified by the class definition above as Defendant.

38. Plaintiff will fairly and adequately represent the members of the class.

39. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

40. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

    c. The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant for:

(1) Statutory damages of $500 per violation;

(2) Costs of litigation; and

(3) An injunction prohibiting defendant from future violations of the TCPA with respect to plaintiff and the class, along with corresponding declaratory relief.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner   (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

8